IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dianna Simons individually and on behalf of other similarly situated Consenters, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Pryor's, Inc., KFC Group of Columbia, Inc., )<br>Sylvan Food Systems, Inc., XXX, Inc., )<br>YYY, Inc., and XXX, Inc., )<br>)<br>Defendants. )<br>_____ ) | C/A No. 3:11-cv-0792-CMC<br><br><br><br><br>**OPINION AND ORDER** |

This matter is before the court on motion of Plaintiff, Dianna Simons ("Simons"), to reconsider an order entered July 26, 2011 ("Prior Order") and on Defendants' motion to strike Simons' supplemental reply in support of that motion. Dkt. No. 36 (motion to reconsider under Fed. R. Civ. P. 59(e) filed August 3, 2011); Dkt. No. 43 (motion to strike). The Prior Order denied Simons' motion for conditional certification of a collective action. Dkt. No. 35 (order entered July 26, 2011). The denial was, however, without prejudice to filing a renewed motion following the completion of specified discovery. *Id.* at 20-21.

For the reasons set forth below, Simons' motion to reconsider is granted to the extent it seeks modification of certain misstatements of fact and denied to the extent it seeks immediate certification of a collective action. Defendant's motion to strike is also granted, although the court would reach the same conclusion at this stage in the proceedings with or without consideration of Simons' supplemental reply. The court, therefore, reaffirms its earlier denial of certification without prejudice to filing a renewed motion after completion of the discovery specified at the conclusion of the Prior Order.

**STANDARD**

1

The Fourth Circuit has recognized three grounds for amending a judgment under Rule 59(e) of the Federal Rules of Civil Procedure: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Amer. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Although the rule is directed to amendment of judgments, rather than to amendment of pre-trial orders, courts have applied the same standards to "rehearing of any matter decided by the court without a jury." *GTR Rental, LLC v. DalCanton,* 547 F. Supp. 510, 516 (D.S.C. 2008).

Rule 59(e) does not support reconsideration of a prior ruling simply because counsel disagrees with the court's ruling. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Neither is it an appropriate mechanism for introducing new legal theories or new evidence that could have been introduced during the pendency of the prior motion. *GTR Rental*, 547 F. Supp. 2d at 516 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665, *aff'd*, 736 F.2d 388 (7th Cir. 1984) (specifically affirming denial of motion for reconsideration).

**DISCUSSION**

**Motion to Reconsider.** In her initial and reply memoranda, Simons argues that the court made three errors in the Prior Order, one of fact and two of law. First, she argues that the court made a significant error of fact regarding the identity of an affiant. Second, she argues that the court made an error of law regarding the burden for conditional certification. Finally, she argues that the court made an error of law by requiring "specific proof that each of the alleged deductions were improper."

Simons has also filed a supplemental reply to which she attaches six exhibits. These exhibits were obtained through the discovery which was required by the very order which Simons now challenges. Simons argues that these exhibits are new evidence which "buttresses [her] argument

2

that Restaurant Level Managers at both Defendant Pryor's and Sylvan's places of business were subject to illegal deductions from their pay." Dkt. No. 42-2.

For the reasons set forth below, the court agrees with Simons on the first point argued in her opening and reply memoranda, that the court misstated a significant fact. In light of this error, the court makes several corrections through this order. This modification of the factual statement does not, however, require the court to reach a different result. The court also concludes that it neither misstated nor misapplied the relevant legal standards. Finally, although the evidence offered through Simons supplemental reply is arguably new evidence which might normally be considered under Rule 59(e), the court finds the timing and method of introduction improper and, consequently, declines to consider it until the discovery required by the Prior Order is complete.

**Factual Misstatements**. As Simons notes, the court misidentified the affidavit of an additional opt-in Plaintiff, Sharlene Simmons, as that of named Plaintiff, Dianna Simons. While this error does not fit any of the precise categories of error supporting reconsideration, the court finds it a sufficiently clear error of fact to justify correction of the prior order. The court, therefore, strikes the following from the prior order: (1) the suggestion that there may have been an error in the spelling of Plaintiff's last name (Dkt. No. 35 n.1); (2) any statement that the record includes an affidavit by Simons (*id.* at 6, n.6, *id.* at 13); and (3) references to conflicts between Simons complaint and the Simmons affidavit (*id.* at 19, n. 15). In addition, the court corrects the references to "Simons" affidavit on pages 13-14 of the Prior Order to refer to the affidavit of Sharlene Simmons, an additional Restaurant-Level Manager and adds Simmons as a person whose testimony (and work locations) are considered on pages 16-17.

As noted above, the correction regarding the identity of the affiant eliminates any concern

3

with conflicts between the allegations of the complaint and any affidavit testimony by Simons. However, because the complaint is unverified, it also leaves Simons with no evidentiary support for the deductions she claims she personally incurred (other than the deduction for a cash shortage admitted by Defendants).[1] This deficiency is not, alone, fatal to certification but leaves an evidentiary gap which is and has been within Simons' power to cure.

**Burden for Conditional Certification.** As Simons notes, the court denied conditional certification based, in part, on "the limited nature of the evidence proffered which, while sufficient to suggest the possibility of a practice of improper deductions, is insufficient to allow the court to determine how broadly the policy and practice was applied." Dkt. No. 36-1 at 9 (quoting Dkt. No. 35 at 14). In arguing that the court reached this conclusion based on application of the wrong standard, Simons focuses on the court's *application* of the standard to the facts. She does not suggest that the court *misstated* the standard. *See* Dkt. No. 36-1 n.4 (stating in footnote that the standard she recites "does not appear to be the standard *applied* by the court").

Simons' cited standard requires "a modest factual showing sufficient to demonstrate that [the named plaintiff(s)] and potential plaintiffs together were victims of a common policy or plan." *Id.* at 6. This is the standard the court applied, albeit with recognition of the court's discretion as to a certification decision and the need for *some* evidentiary support. *See* Dkt. No. 35 at 3-4 (discussing *Mooney v. Armco Svcs Co.,* 54 F.3d 1207, 1213 (5th Cir. 1995) and noting court *may* conditionally certify a collective action on "minimal evidence," applying a standard which is neither "onerous" nor "invisible"). Simons' dissatisfaction with the court's application of this standard to the facts

---

[1] Defendants admit that Simons incurred a salary deduction for a cash drawer shortage while employed at a single location.

amounts to no more than a disagreement with how the court exercised its discretion.

Simons' argument that the court failed to properly apply the standard focuses on Simons' allegations and consentor's affidavit testimony that they were subject to deductions for shortages in the cash register as well as limited content in the employee manual which states that managers will be held responsible for missing funds (under certain circumstances). Dkt. No. 36-1 at 9. She also argues that it is an "undisputed fact that the employee manual applies to all employees defined to be within the proposed Plaintiff Class." *Id.* at 10 (noting that "the Defendants utilize the exact same employee manual").[2] The proposed collective action is not, however, based on a single alleged improper deduction such as the deduction for cash shortages referenced above. Instead, Simons proceeds based on a host of alleged (and in some cases ill-defined) improper deductions. Moreover, while the title page of the employee manual suggests it was used by both Defendants, issues remain as to whether: (1) the *various* challenged deductions were made from salaries of Restaurant-Level Managers and, if so, whether the policy was broadly applied; and (2) the interrelationship between Defendants (apparently two distinct corporations with overlapping ownership and management) is sufficient to allow a single collective action to proceed against both.

Although not presented as a separate argument, Simons suggests that the court's approach (delaying a final decision until after a short period of discovery) is inappropriate because it may result in the running of the statute of limitations as to some portions of class members' claims. This result follows because, unlike in a class action under Rule 23 of the Federal Rules of Civil Procedure, the statute of limitations continues to run for members of an FLSA collective action until

---

[2] This is also the subject of Simons' supplemental reply through which Simons proffers evidence that both Defendants had a policy of making deductions from managerial salaries for cash shortages.

those members opt in. This distinction between FLSA collective actions and Rule 23 class actions may partially explain why courts generally apply a less stringent standard to conditional certification of a collective action. It does not, however, persuade the court that it should grant conditional certification and authorize notice to a broad class when significant questions remain as to the scope of the class.

In short, contrary to Simons' characterization of the record (either as it existed at the time the prior order was entered or now (*see infra* "Supplemental Reply-New Evidence")), it is not clear that Simons has satisfied the "modest" burden necessary to support certification of a collective action as broad as she seeks.[3] In any event, she has not shown that the court abused its discretion by denying her motion without prejudice while establishing an expedited discovery schedule as to issues relevant to certification.

**Legal Authority Relating to Propriety of Deductions.** Simons also argues that the court committed legal error by "requiring [her] to provide specific proof that alleged pay deductions were improper." Dkt. No. 36-1 at 13. The relevant section of the order noted that "Simons need not prove her case prior to certification," but expressed the court's "unwilling[ness] to certify a collective action where Simons relies on a broad category of sometimes vaguely-defined deductions [without making] a threshold showing of impropriety."

Simons cites no authority for her apparent premise that a court abuses its discretion when it denies conditional certification based on such concerns. Instead, she now offers what she might well

---

[3] Plaintiff elected to pursue certification of a broad class covering employees of two, apparently distinct, corporations and relating to a broad range of allegedly improper salary deductions. That choice has the natural consequence of requiring that she provide support for the breadth sought.

6

have offered previously and may yet offer on renewed motion following the completion of initial discovery: legal authority addressing the categories of salary deduction which are and are not permissible. *See* Dkt. No. 36-1 at 13-14.

Thus, while the authority now offered addresses one of the concerns raised in the prior order, it does not support reconsideration for two reasons. First, there is no reason Simons could not have provided this authority in her prior submissions. Second, while the legal authority now offered resolves one of the court's concerns with certification, it does not resolve the concerns as to the proper scope of any collective action which may be certified.

**Supplemental Reply – New Evidence.** For purposes of this order the court assumes without deciding that (1) the evidence offered through Simons' supplemental reply is "new evidence" which *could* be considered on a motion for reconsideration (at least if timely proffered), and (2) the evidence supports the conclusion that the deduction policy for cash shortages was applied broadly to all Restaurant-Level Managers employed by both Defendants. The court, nonetheless, declines to consider the new evidence at this stage and strikes the supplemental reply for reasons argued in Defendants' motion to strike. Quite simply, considering this evidence on supplemental reply to a motion to reconsider an earlier order would invite (1) piecemeal consideration of a body of evidence which the court has directed be produced through a structured and expedited discovery process and (2) unending rounds of briefing relating to a *resolved* motion in lieu of compliance with an alternative route to consideration of a *renewed* motion for conditional certification as directed by the court. In any event, the new evidence does not address all of the court's concerns.

7

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion to reconsider to the extent it seeks alteration of the court's references to "Simons' affidavit." The court denies the motion in other respects and reaffirms its directives as to discovery and filing of a renewed motion after the conclusion of discovery.[4] The court also grants Defendants' motion to strike Plaintiff's supplemental reply. If there are any disputes as to the adequacy or timeliness of discovery responses, they should be brought to the court's attention by request for teleconference.[5]

IT IS SO ORDERED.

                                                     s/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 15, 2011

---

[4] In the event a renewed motion for conditional certification is filed after completion of the discovery specified in the Prior Order, the briefing as to that motion should be complete in itself. In other words, the parties should include all relevant arguments and attach all evidentiary support, rather than relying on reference to or incorporation of the multiple prior memoranda and attachments. A proposed notice to members of the collective action and appropriate opt-in forms and instructions should also be attached.

[5] In her supplemental reply, Simons indicated the existence of a potential discovery dispute. Two days after filing the supplemental reply, she filed a motion to compel. That motion was denied as improperly filed with instructions to contact the court if a dispute remained. The court reminds all parties that it will strictly enforce the discovery deadlines set by the prior order and that any disputes as to the adequacy of responses should be addressed first by consultation between counsel and, if not resolved by that conference, through a teleconference with the court.